**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ASID MOHAMAD, SHAHID MOHAMMAD, SAID MOHAMAD, SHAHED AZZAM RAHIM, MASHHUD RAHIM, MOHAMAD RAHIM, ASIA RAHIM,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Case No. 08-1800 (RJL)** |
| **JIBRIL RAJOUB, AMIN AL-HINDI, TAWFIK TIRAWI, PALESTINIAN AUTHORITY, PALESTINE LIBERATION ORGANIZATION,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

(September 30, 2009]) [## 11, 15, 19]

Plaintiffs in this case are the widow and sons of Azzam Rahim, a U.S. citizen, who was tortured and killed in the West Bank of Israel in September 1995. The defendants are three individuals (i.e. Jibril Rajoub, Amin Al-Hindi, and Tawfik Tirawi), the Palestinian Authority, and the Palestine Liberation Organization. Plaintiffs allege that the defendants violated the Torture Victim Protection Act ("TVPA"), the Alien Tort Statute, and federal common law. Defendants Palestinian Authority and the Palestine Liberation Organization ("defendants") have filed a Motion to Dismiss on the grounds that plaintiffs' complaint failed to state a claim on which relief may be granted under the

TVPA, the Alien Tort Statute,[1] or federal common.[2] For the following reasons, the Court GRANTS the defendants' motion.

## ANALYSIS

Plaintiffs first allege defendants violated the TVPA, which creates a cause of action for torts committed by "indivdiual[s]" "in violation of the law of nations or a treaty of the United States." 28 U.S.C. §§ 1350 & 1350 note § 2(a)(1)–(2). Plaintiffs argue that the Court should broadly interpret "individual" to include organizations, such as the Palestinian Authority and the Palestine Liberation Organization, similar to the way courts often interpret "person." (*See* Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") [Dkt. #14] at 5–7.) Defendants, not surprisingly, argue that "individual" is limited to human beings. (Mem. of Law in Support of the Palestinian Authority's and the Palestine Liberation Organization's Mot. to Dismiss ("Mot. to Dismiss") [Dkt. #11] at 9–13.) I agree.

A plain reading of the statute and applicable case law in this jurisdiction, leads this Court to overwhelmingly conclude that the term "individual" includes only human beings,

---

[1]Plaintiffs initially sought relief under the Alien Tort Statute. 28 U.S.C. § 1350. However, this statute grants district courts jurisdiction over civil actions filed only by "alien[s]." 28 U.S.C. § 1350. And, as plaintiffs admit, the deceased and all of the plaintiffs are citizens of the United States. (*See* Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") [Dkt. #14] at 11.) In accordance with plaintiffs' concession, the Court also dismisses the Alien Tort Statute's claims.

[2]The individual defendants have not joined the organizational defendants in filing the motion to dismiss, (Mem. of Law in Support of the Palestinian Authority's and the Palestine Liberation Organization's Mot. to Dismiss ("Mot. to Dismiss") [Dkt. #11] at 4 n.1), and the Court does not address plaintiffs' claims against the individual defendants.

and does not encompass the Palestinian Authority and the Palestine Liberation Organization. *See Clinton v. New York*, 524 U.S. 417, 428 n. 13, (1998) (noting that "person" ordinarily has a broader meaning than "individual"); *Fisher v. Great Socialist People's Libyan Arab Jamahiriya*, 541 F. Supp. 2d 46, 50 n.2 (D.D.C. 2008) ("[T]he TVPA only creates a cause of action against individuals, not states."); *Holland v. Islamic Republic of Iran*, 496 F. Supp. 2d 1, 18 (D.D.C. 2005) (holding, based on the plain language of the statute and the legislative history, that the TVPA applies only to individuals, not foreign states); *Doe v. Exxon Mobil Corp.*, 393 F. Supp. 2d 20, 28 (D.D.C. 2005) ("On balance, the plain reading of the statute strongly suggests that it only covers human beings, and not corporations."); *Collett v. Socialist Peoples' Libyan Arab Jamahiriya*, 362 F. Supp. 2d 230, 242 (D.D.C. 2005) (holding the TVPA applies only to individuals, not Libya or a Libyan intelligence agency); *Dammarell v. Islamic Republic of Iran*, No. 01-2224, 2005 WL 756090, *31 (D.D.C. Mar. 29, 2005); *see also In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539, 565 (S.D.N.Y. 2005) ("The TVPA claims against [certain named defendants] are dismissed because these Defendants are not individuals."); *but see Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1265 (11th Cir. 2005) (allowing a TVPA claims to be raised against corporations). Of course, this conclusion is also consistent with Congress's decision to use the term "individual" in the TVPA to describe both those who commit torture and

extrajudicial killings and those who are victims. *See* 28 U.S.C. § 1350 note §§ 2(a)(1)–(2).

Moreover, the TVPA's legislative history further supports the conclusion that the Palestinian Authority and the Palestine Liberation Organization are not proper defendants under the TVPA. *See* H.R. Rep. No. 102-367, 84, 87 (1991) ("Only 'individuals,' not foreign states, can be sued under the bill."); S. Rep. No. 102-249, 1, 6 (1991) ("The legislation uses the term 'individual' to make crystal clear that foreign states or their entities cannot be sued under this bill under any circumstances: only individuals may be sued."). Simply stated, Congress's plain intent as reflected in the text (which specifies only individuals) and the legislative history (which could not be clearer) "was to confine liability for acts of torture and extrajudicial killing to private individuals." *Dammarell*, No. 01-2224, 2005 WL 756090 at *31. Therefore, this Court finds plaintiffs cannot bring a TVPA claim against the Palestinian Authority or the Palestine Liberation Organization, and the Court dismisses these claims.

Next, plaintiffs claim to have a cause of action under federal common law against these two organizations. I disagree. Plaintiffs' claim that "torture carried out by a public official or one acting in an official capacity" *is* a violation of federal common law, as reflected in the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment and the United Nations' Declaration on the Protection of All Persons from Being Subjected to Torture, (Pl.'s Opp'n at 14), is, at best, strained.

Unfortunately, plaintiffs' additional argument that the Supreme Court held this in *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004), is similarly exaggerated. (Pl.'s Opp'n at 12 (arguing that the Supreme Court in *Sosa* "recognized torture as being on the short list of actionable torts under international law and so under federal common law").)

The question in *Sosa* was which causes of action would be permissible under the Alien Tort Statute, 28 U.S.C. § 1350. Plaintiffs' claim that the general federal question jurisdiction statute, 28 U.S.C. § 1331, provides this Court with jurisdiction to fashion a cause of action for them out of federal common law is not supported by the *Sosa* decision. Indeed, the Supreme Court in *Sosa* explicitly limited its discussion to the Alien Tort Statute and specifically excluded § 1331:

> Our position does not . . . imply that every grant of jurisdiction to a federal court carries with it an opportunity to develop federal common law (so that the grant of federal-question jurisdiction would be equally as good for our purposes as § 1350) . . . . Section 1350 was enacted on the congressional understanding that some courts would exercise jurisdiction by entertaining some common law claims derived from the law of nations; and we know of no reason to think that federal-question jurisdiction was extended subject to any comparable congressional assumption. Further, our holding today is consistent with the division of responsibilities between federal and state courts after *Erie*, as a more expansive common law power related to 28 U.S.C. § 1331 might not be.

*Sosa*, 542 U.S. at 731 n.19 (internal citation omitted).

Our Circuit Court has similarly noted that describing actions that are brought under the Foreign Sovereign Immunities Act (and presumably, the Alien Tort Statute) as "federal common law" is a "misnomer." *Bettis v. Islamic Republic of Iran*, 315 F.3d 325,

333 (D.C. Cir. 2003). Those actions are based on *statutory* rights. *Id.* "Without the statute, the claims could not arise," and absent a statute creating a cause of action, courts are not "authorize[d] . . . to fashion a complete body of federal law." *Id.* (internal quotation omitted).

The Supreme Court itself has also "repeatedly said that a decision to create a private right of action is one better left to legislative judgment in the great majority of cases." *Sosa*, 542 U.S. at 727. Surely, caution in developing a cause of action under federal common law is appropriate in situations such as this where Congress has already established a cause of action and explicitly defined its scope in the TVPA. "The fact that Congress has provided at least one statute that provides such a cause of action (the Torture Victim Protection Act) cautions against the construction of another by judicial fiat." *The Herero People's Reparations Corp. v. Deutsche Bank AG*, No. 01-1868, 19 (D.D.C. July 31, 2003).

In short, plaintiffs ask this Court to effectively amend the TVPA's requirements by treating their claim as one arising under federal common law. To do so would be inconsistent with the controlling judicial precedent and Congress's legislative directive to date. Plaintiffs would thus be better off seeking such relief from Congress than the

Federal Courts. Accordingly, for all of the aforementioned reasons, the Court must and will GRANT the defendants' Motion to Dismiss. An Order consistent with this Memorandum Opinion is attached.

RICHARD J. LEON
United States District Judge